ELZABURU *v.* CHAVES ET AL.

APPEAL from the District Court of San Juan.

No. 285.—Decided January 12, 1909.

EVICTION—NULLITY OR PRIORITY OF TITLES.—In proceedings for unlawful detainer the question of nullity or priority of the titles produced by the parties cannot be discussed.

ID.—TITLE OF POSSESSION.—The question of unlawful detainer will not lie against the person holding title of possession of a property duly recorded in the registry of property.

LAWS OF PROCEDURE.—The laws of procedure are of public interest, and cannot be changed at the will of the parties.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

*Mr. Manuel F. Rossy,* for respondents.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Pedro de Elzaburu y Vizcarrondo alleges that he is the owner of a rural estate consisting of 112 *cuerdas* situated in the *barrio* of Sabana Llana, district of Honduras, municipal district of Río Piedras, the boundaries of which he gives; that he acquired said estate by purchase from the Spanish government under public deed executed in San Juan October 17, 1898; that the defendants have been occupying against his will 50 *cuerdas* belonging to said estate, the boundaries of which are also given; that the defendants prior to this complaint had instituted proceedings to convert into ownership, the possession which they already had recorded; that Elzaburu opposed these proceedings and obtained a judgment in his favor, the municipal judge of San Juan holding that said 50 *cuerdas* belonged to him and formed part of the estate of 112 *cuerdas* referred to, and that the possession which the defendants have is not quiet nor peaceful nor in the capacity of owners; that the defendants appealed from this judgment, and the judge of the district court affirmed it and it became final because no appeal was taken from the judgment of the district court; that said court ordered the registrar of property to cancel the record of possession which appeared in the registry in favor of the defendants, and that it was so canceled; that the latter had never paid any attention to the demands made on them to vacate the 50 *cuerdas* which they occupy.

On the strength of these facts, Elzaburu filed his action of unlawful detainer in the District Court of San Juan, with the prayer "that it be sustained, and that an order issue for the

eviction of the defendants within the legal period, the proper writ issuing to the marshal for the purpose."

The defendants specifically deny the facts alleged in the complaint and as new matter in opposition thereto, allege that they are in possession of the 50 *cuerdas* of land described in the complaint as owners under a title of possession which they have recorded in the registry of property and they pray that the action of unlawful detainer be dismissed.

The trial having been had, the allegations read and the evidence presented by the parties heard, the Judge of the District Court of San Juan rendered judgment on March 31, 1908, holding that the facts and the law were in favor of the defendants and against the plaintiff, and dismissing the action of unlawful detainer.

Pedro de Elzaburu took an appeal from this judgment and has appeared in this Supreme Court presenting a copy of the statement of facts, which approved and signed by the trial judge.

The plaintiff and appellant, Elzaburu, has proved the essential fact which he alleged in his complaint as above stated, and also that his title was recorded in the registry of property of that district, but the statement of facts approved does not show that the record of the possession in the name of the defendants was ordered canceled, or that it was canceled, notwithstanding that this is another allegation of the complaint.

The latter, on the other hand, have proved that they are in possession of the 50 *cuerdas* of land to which these proceedings refer, by virtue of a title of possession recorded in the registry.

The appellant maintains in his written brief and in his oral argument, that the judgment appealed from is in violation of a judgment constituting *res judicata*, and that the lower court has violated the provisions of sections 59, 100 and 101 of the act to regulate the introduction of evidence, in not giving due force to the judgment which he obtained upon contesting the the conversion into ownership of the possessory

title, which the defendants sought, because the evidence derived from said decision is conclusive.

But whatever scope the appellant may wish to give to that decision, which after all should have been confined to what the Mortgage Law prescribes in subdivision three of article 395—that is, to a declaration as to whether or not the ownership has been proved—it is a fact that the trial judge did not commit, in this case, the alleged violations of the act to regulate the introduction of evidence, because even estimating this decision at its full value, he was obliged to take into consideration the special and summary nature of unlawful detainer proceedings.

As a matter of fact, the plaintiff, Elzaburu, appears in these proceedings with a title recorded in his name, and the defendants, Chaves, all appear with another title of possession duly recorded in their favor in the registry of property, with reference to the 50 *cuerdas* which Elzaburu alleges forms part of his estate consisting of 112 *cuerdas*.

The position, in fact, held by the defendants, has not been altered. They hold at the present time the actual and material possession of the 50 *cuerdas* under a title which has not been annulled and a real record in the registry in their name, for although they were unable to convert the possession into ownership, owing to the opposition of Elzaburu, their title of possession continued in force, as did the consequent record, and these will continue in force until annulled by final judgment of a court of competent jurisdiction, rendered in the proper proceedings, according to law.

In these proceedings neither the question of nullity nor the priority of the titles produced by each party can be decided either directly or indirectly, on account of the special nature of unlawful detainer proceedings, and these questions would be decided in an indirect manner were the action of unlawful detainer sustained on the grounds advanced in the brief of the appellant; apart from the fact that the decisions of courts must conform to the complaint and answer, and all that has

been sought herein is that the unlawful detainer be sustained and, as a consequence, that the eviction of the defendants be ordered in due time.

The laws of procedure are of public interest and they cannot be changed at the will of the parties, and we would violate this principle were we to decide indirectly the priority of the title of Elzaburu over the recorded title of possession of the defendants.

This is a matter for other proper proceedings where both parties may have ample opportunity to assert their respective rights and the judge sufficient evidence upon which to render a just decision.

The trial judge has not committed the errors alleged, in his findings on the evidence, but on the contrary he has taken into consideration the very limited field of unlawful detainer proceedings and the jurisprudence of this Supreme Court. established in a number of cases, especially in that of *Manuel del Valle* v. *Emilio Andreu et al.*, 11 P. R. Rep., 398.

For these reasons the judgment appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.